IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JAMES H. MCCLENTON | § | |
|     TDCJ-CID #566986 | § | |
| v. | § | C.A. NO. C-11-403 |
| | § | |
| TEXAS DEP'T CRIMINAL JUSTICE | § | |

## MEMORANDUM AND RECOMMENDATION TO DISMISS

This is a civil rights action filed by a state inmate pursuant to 42 U.S.C. § 1983, who is currently incarcerated at the McConnell Unit in Beeville, Texas. For the reasons stated herein, it is respectfully recommended that the Court dismiss plaintiff's action for failure to prosecute his claims.

### I.  BACKGROUND

Plaintiff's complaint was docketed on December 21, 2011. (D.E. 1). He has neither paid the $350 filing fee, nor filed a motion to proceed in forma pauperis. Moreover, on December 29, 2011, an order to file an amended complaint within twenty days, naming the defendants he was suing as well as the claims against those defendants, was issued. (D.E. 5). He never filed an amended complaint.

On December 22, 2011, a notice of deficient pleading was sent to plaintiff instructing him to either pay the filing fee or file a motion to proceed in forma pauperis within twenty days. (D.E. 4). On January 20, 2012, an order to show cause to file the amended complaint as well as either pay the filing fee or file a motion to proceed in forma pauperis, or show cause as to why his action should not be dismissed for failure to prosecute was issued. (D.E. 7). He was ordered to respond within twenty days. Id. at 1.

## II.  DISCUSSION

An action may be dismissed if the plaintiff fails to prosecute it, or to comply with any court order.  Fed. R. Civ. P. 41(b); see also Martinez v. Johnson, 104 F.3d 769, 772 (5th Cir. 1997) (holding district courts have the power to sua sponte dismiss a cause of action for failure to prosecute).  "'The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts.'"  Martinez, 104 F.3d at 772 (quoting Link v. Wabash R.R., 370 U.S. 626, 630-31 (1962); McCullough v. Lynaugh, 835 F.2d 1126, 1127 (5th Cir. 1988)).

Plaintiff has failed to comply with this Court's orders.  He has neither paid the $350 filing fee, nor filed a motion to proceed in forma pauperis.  Moreover, he did not file an amended complaint.  Accordingly, it is respectfully recommended that the Court dismiss his action for failure to prosecute his claims.

## III.  RECOMMENDATION

For the foregoing reasons, it is respectfully recommended that the Court dismiss plaintiff's civil rights action for failure to prosecute.

Respectfully submitted this 22nd day of February 2012.

_____
BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

## **NOTICE TO PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1); Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within **FOURTEEN (14) DAYS** after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).