IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JAMES H. MCCLENTON | § | |
|     TDCJ-CID #566986 | § | |
| v. | § | C.A. NO. C-11-403 |
| | § | |
| TEXAS DEP'T OF CRIMINAL JUSTICE | § | |

**MEMORANDUM AND RECOMMENDATION TO DENY
PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT**

This is a civil rights action filed by a state inmate pursuant to 42 U.S.C. § 1983, who is currently incarcerated at the McConnell Unit in Beeville, Texas. Pending is a rambling, somewhat nonsensical eight-page filing that has been docketed as a motion for relief pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. (D.E. 15). For the reasons addressed below, it is respectfully recommended that plaintiff's motion be denied.

**I. BACKGROUND**

Plaintiff's complaint was docketed on December 21, 2011. (D.E. 1). He has neither paid the $350 filing fee, nor filed a motion to proceed in forma pauperis. Moreover, on December 29, 2011, an order to file an amended complaint within twenty days, naming the defendants he was suing as well as the claims against those defendants, was issued. (D.E. 5). He never filed an amended complaint.

On December 22, 2011, a notice of deficient pleading was sent to plaintiff instructing him to either pay the filing fee or file a motion to proceed in forma pauperis within twenty days. (D.E. 4). On January 20, 2012, an order to show cause to file the amended complaint as well as either pay the filing fee or file a motion to proceed in forma pauperis, or show cause as to why his action should not be dismissed for failure to prosecute was issued. (D.E. 7). He was ordered

to respond within twenty days.  Id. at 1.  Plaintiff never filed any response to either the notice of deficient pleading or the order to show cause.

On February 22, 2012, a memorandum and recommendation was issued recommending that this action be dismissed for failure to prosecute his claims.  (D.E. 8).  On March 14, 2012, the Court adopted this recommendation.  (D.E. 9).  On March 15, 2012, final judgment was entered.  (D.E. 10).  On March 16, 2012, the Court received a filing that was construed as objections to the memorandum and recommendation.  (D.E. 12).  On March 20, 2012, the Court overruled any objections and denied any request for relief.  (D.E. 13).

## II.  DISCUSSION

**A.     The Standard For Rule 60(b) Motions.**

Rule 60(b) of the Federal Rules of Civil Procedure sets out five specific bases for granting relief from a final judgment: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or misconduct of an adverse party; (4) the judgment is void; and (5) satisfaction, discharge, or release of the judgment.  Fed. R. Civ. P. 60(b)(1)-(5).  In addition, Rule 60(b)(6) provides that a court may relieve a party from a final judgment for "any other reason that justifies relief."  Subsection (6) is meant for "'unforeseen contingencies'" and "'accomplishing justice in exceptional circumstances.'"  Steverson v. GlobalSantaFe Corp., 508 F.3d 300, 303 (5th Cir. 2007) (citations omitted) (emphasis added).  A Rule 60(b)(6) motion must be made within one year after entry of judgment for subsections (1), (2), and (3), and otherwise, within a reasonable time.  Fed. R. Civ. P. 60(c)(1).

**B.     Plaintiff Has Failed To Demonstrate Any Basis For Relief.**

To date, plaintiff has not filed an amended complaint. It is unclear what claims he is attempting to raise as well as the defendants against who he wishes to assert such claims. Additionally, he has not paid the filing fee or filed a motion to proceed in forma pauperis.

Plaintiff has not demonstrated any specific basis for granting relief from the final judgment in this action. See Fed. R. Civ. P. 60(b)(1)-(5). Moreover, he has not presented any exceptional circumstances warranting relief from judgment. See Fed. R. Civ. P. 60(b)(6).

### III. RECOMMENDATION

Based on the foregoing reasons, it is respectfully recommended that plaintiff's motion for relief from judgment, (D.E. 15), be denied.

Respectfully submitted this 2nd day of August 2012.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1); Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within **FOURTEEN (14) DAYS** after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).